# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02172-RM-NYW

LINDSAY MINTER,
PASTOR THOMAS MAYES,
KRISTIN MALLORY,
TYLER SPRAGUE, and
ALISSIA ACKER, on behalf of themselves, and others similarly situated,

      Plaintiffs,

v.

CITY OF AURORA, COLORADO,
INTERIM POLICE CHIEF VANESSA WILSON, in her official and individual capacities,
F/N/U RODRIGUEZ, in her or his individual capacity,
JOHN & JANE DOES 1-100, in their individual capacities,
JOHN & JANE BOES 1-25, in their individual capacities,
JOHN & JANE FOES 1-31, in their individual capacities,
JOHN & JANE MOES, 1-16, in their individual capacities,

      Defendants.

---

## UNOPPOSED MOTION TO VACATE SCHEDULING CONFERENCE

---

Plaintiffs, through undersigned counsel, submit the following Motion to Vacate and Reset the Scheduling and Planning Conference set for September 17, 2020. In support, Plaintiffs state:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, counsel for Plaintiffs and Defendants City of Aurora and Interim Chief Vanessa Wilson conferred via telephone on August 27, 2020, regarding the relief sought herein. Defendants do not oppose the relief requested.

1.      Plaintiffs filed their complaint [Doc. # 1] on July 23, 2020. The lawsuit is based upon allegations related to the excessive force of the officers of the, Aurora Police Department, the Arapahoe County Sheriff's Office, the Adams County Sheriff's Office and the Jefferson

County Sheriff's Office against peaceful protestors at the June 27, 2020 violin vigil honoring Elijah McClain.

2. Plaintiffs, unable to know the specific identity of the officers of each law enforcement entity until after the Complaint was filed, listed Doe, Moe, Foe and Boe defendants to represent the unknown individual law enforcement officers on duty during the violin vigil.

3. In the days after the filing of Plaintiffs' Complaint, two of the defendant law enforcement entities, through counsel, provided the names of the individual officers assigned to work the vigil on June 27, 2020. Plaintiffs have not yet received the individual names of the Aurora Police Department ("APD") officers assigned to work that day, and counsel for Aurora advised that he will provide the names of these officers with initial disclosures on September 10, 2020.

4. Once Plaintiffs receive the list of APD officers, Plaintiffs will amend their complaint, in accordance with F.R.C.P. 15(a), to name all of the individual officers. Plaintiffs expect counsel for each branch of law enforcement officers to enter their appearances and waive service on behalf of those individuals. This will mean that at least three additional sets of counsel will enter appearances in this matter.

5. Pursuant to F.R.C.P 26, the 26(f) Conference was held between counsel for Plaintiffs and Defendants City of Aurora and Chief Wilson on August 27, 2020. That conference did not include counsel for any of the Doe, Moe, Foe and Boe individual officers to later be named in the Amended Complaint.

6. At its current setting, the Scheduling Conference, the preparation of the scheduling order, and the participation in the 26(f) conference leaves out numerous soon-to-be identified defendants and their counsel. Should the scheduling conference remain as set, given

that additional counsel will enter appearances in this matter, it would necessitate additional conferences and the preparation of at least two scheduling orders.

7. In the interest of judicial economy, the current scheduling conference set for September 17, 2020 should be vacated and reset for a time after Plaintiffs receive 26(f) disclosures from counsel for Aurora and amend their Complaint to identify all individual defendants. This will conserve the time and resources of the Court and the parties by allowing counsel for those individuals time to enter their appearances so all parties may participate in the preparation of one scheduling order and attend one Scheduling Conference.

8. The Scheduling Conference set for September 17, 2020, and the additional obligations triggered by the conference are therefore premature at this time. Plaintiffs respectfully request that the Scheduling Conference be vacated and reset for a time after Plaintiffs have amended their complaint sufficiently to name the Does, Moes, Foes and Boes.

9. There will not be any undue delay in this lawsuit and no party will be prejudiced by the relief sought.

## CERTIFICATE OF COMPLIANCE

10. In accordance with D.C.COLO.LCivR 6.1(c), a copy of this motion is being provided contemporaneously to Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court vacate the September 17, 2020 Scheduling Conference.

DATED this 7th day of September 2020.

KILLMER, LANE & NEWMAN, LLP

*s/ Andy McNulty*
Mari Newman
Andy McNulty
Helen Oh

3

1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001
mnewman@kln-law.com
amcnulty@kln-law.com
hoh@kln-law.com

ATTORNEYS FOR PLAINTIFFS

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 7, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO VACATE AND RESET SCHEDULING CONFERENCE** using the CM/ECF system, which will send notification of this filing to the following:

Thomas S. Rice
Eric Ziporin
Jonathan N. Eddy
SGR, LLC
3900 East Mexico Ave, Suite 700
Denver, CO 80210
trice@sgrllc.com
eziporin@sgrllc.com
jeddy@sgrllc.com

                                                *s/ Charlotte Bocquin Scull*
                                                Paralegal