IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02172-RM-NYW

LINDSAY MINTER, *et al.*, on behalf of themselves, and others similarly situated,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO, et al.

    Defendants.

---

**RESPONSE TO INDIVIDUAL LAW ENFORCEMENT DEFENDANTS' JOINT MOTION TO STAY AND VACATE THE SCHEDULING CONFERENCE AND NOTICE OF JOINDER TO STAY DISCOVERY**

---

Plaintiffs, by and through their attorneys Mari Newman, Andy McNulty, and Helen Oh of KILLMER, LANE & NEWMAN, LLP, submit this Response to Individual Law Enforcement Defendants' Joint Motion To Stay And Vacate The Scheduling Conference, [Doc. #68], and Notice Of Joinder To Stay Discovery, [Doc. #72], and state in support as follows:

1. **INTRODUCTION**

The individual law enforcement officer defendants (the "Individual Defendants") seek to deprive Plaintiffs of their ability to effectively vindicate their constitutional rights before memories fade, witnesses scatter, and documents are lost. Importantly, the Individual Defendants seek a stay of *all* discovery as to *all* claims, not just a stay of discovery as to the claims against them. They do so based on a motion to dismiss that invokes qualified immunity for just half the claims against them. Simply put, the invocation of qualified immunity alone is an insufficient basis for staying discovery. It is particularly insufficient when less than half of the claims in the litigation as a whole are subject to the qualified immunity defense. *See* [Doc. #20]; C.R.S. § 13-

1

21-131 (stating that claims under the Colorado Constitution are not subject to qualified immunity). And, a stay is particularly improper when the parties invoking qualified immunity will still be required to participate in discovery as some of the most important on-scene, fact witnesses in the case against Defendant City of Aurora (who is not entitled to qualified immunity), and the other Defendants who have not moved to dismiss all of the claims against them. Because the Individual Defendants cannot show that any burdens in continuing with discovery will outweigh Plaintiffs' right to proceed in this matter, the Individual Defendants have not established that they are entitled to a stay of all discovery.

2. **LEGAL STANDARD**

"In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that 'the right to proceed in court should not be denied except under the most extreme circumstances.'" *JTS Choice Enters. v. E.I. Dupont De Nemours & Co.*, 2012 U.S. Dist. LEXIS 25858, at *2-3 (D. Colo. Feb. 29, 2012) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). For this reason, "stays are generally disfavored in this district." *Id.* at *3. The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay….will work damage to some one [sic] else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Defendants cannot sustain their burden "merely by relying upon speculation or conclusory statements," *Breckenridge v. Vargo & Janson, P.C.*, No.16- v-01176-WJM-MEH, 2016 U.S. Dist. LEXIS 168543, at *3 (D. Colo. Nov. 28, 2016), but rather must support their request for a stay with a "particular and specific demonstration of fact." *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, No. 10-cv-02593-WJM-KLM, 2012 U.S. Dist. LEXIS 704, at *1 (D. Colo. Jan. 4, 2012) (citation omitted).

In deciding motions to stay discovery, the underlying principle is that "the right to proceed in court should not be denied except under the most extreme circumstances." *Robert W. Thomas & Anne McDonald Thomas Tr. v. First W. Tr. Bank*, No. 11-cv-0333-WYD-KLM, 2012 U.S. Dist. LEXIS 114092, at *6-7 (D. Colo. Aug. 14, 2012) (quoting *Commodity Futures Trading Comm'n.*, 713 F.2d at 1484). For this reason, "stays are generally disfavored in this district." *Id.* at *7. While "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket," the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . . will work damage to some one [sic] else." *Landis*, 299 U.S. at 254-55. In other words, "[t]he movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *3-4. The Individual Defendants have not met this burden.

3. **ARGUMENT**

    3.1 **As a matter of law, asserting a qualified immunity defense is not an automatic ticket to delay the entirety of the case.**

Giving credence to the Individual Defendants' arguments would be akin to establishing a rule that the invocation of qualified immunity by *some* defendants entitles **all** defendants to a stay on **all** discovery. However, the Individual Defendants' reading of the caselaw is contrary to Tenth Circuit precedent, which has noted that a qualified immunity defense does not automatically bar all discovery. *See Currier v. Doran*, 242 F.3d 905, 914, 916-17 (10th Cir. 2001) (although qualified immunity protects public officials "from the costs associated with defending against lawsuits, particularly baseless ones, it d[oes] not follow that a defendant's claim of qualified immunity c[an] always be resolved before at least some discovery [is]

3

conducted.") (citing *Crawford-El v. Britton*, 523 U.S. 574, 591-93, 593 n.14 (1998)). As the Tenth Circuit has stated, "[q]ualified immunity does not shield government officials from all discovery but only discovery which is either avoidable or overly broad. Discovery designed to flesh out the merits of plaintiff's claim before a ruling on the immunity defense . . . would certainly fall within this category." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (quotations omitted).

Further, the Individual Defendants' proposed bright-line rule is also contrary to precedent from multiple judges in this District, who have held that blanket stays on discovery are inappropriate even if some individual defendants have invoked qualified immunity. For example, in *Moses-EL v. City and County of Denver*, Judge Krieger stated:

> Although the Court is mindful of the discussion in *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), regarding the necessity to shield the individual Defendants from the indirect burdens of discovery, this Court does not read that case to automatically entitle entities—who are not entitled to qualified immunity—to the same broad protection agaisnt [sic] discovery that individuals asserting qualified immunity have. This is particularly so as, here, Denver has not asserted that the Plaintiffs have even served any discovery requests yet, much less demonstrated that such requests unduly burden the individual Defendants. The Court can conceive of many topics of discovery that can be sought from Denver without implicating the individual Defendants' interests, including the identification and production of City policy statements, manuals, training materials, personnel records, correspondence and information not involving the individual Defendants, and information relating to comparable cases involving similarly-situated individuals. Accordingly, the Court cannot say that a wholesale, derivative stay of discovery against Denver is proper, and the Court overrules Denver's Objections. Denver may, of course, challenge the appropriateness of a specific discovery request if it believes that such a request compromises the individual Defendants' immunity from discovery (as discussed in *Iqbal*). But to the extent that Denver contends that it is automatically and completely entitled to piggyback on the individuals' immunities from discovery, the Court finds that argument without merit.

No. 17-cv-03018-MSK-MJW, [Doc. #93] (D. Colo. July 16, 2018); *see also Vaughn v. Rhea*, Civil Action No. 04-cv-01002-MSK-CBS, 2006 U.S. Dist. LEXIS 24815, at *1 (D. Colo. Apr.

4

12, 2006). Chief Judge Brimmer has also noted that "qualified immunity does not provide a broad protection against all discovery" in similarly holding that a magistrate judge properly denied a motion to stay based on the invocation of qualified immunity. *Wanstall v. Armijo*, Civil Action No. 13-cv-02789-PAB-BNB, 2014 U.S. Dist. LEXIS 130281, at *6-9 (D. Colo. Sep. 16, 2014). Judge Martinez, in denying a stay in a situation similar to the one presented here, recently noted, "even when defendants raise the defense of qualified immunity, courts within the District of Colorado generally disfavor a stay of all discovery." *Estate of Bailey v. City of Colo. Springs*, Civil Action No. 20-cv-1600-WJM-KMT, 2020 U.S. Dist. LEXIS 214552, at *3 (D. Colo. Nov. 17, 2020). Judge Hegarty has held that when a "motion to dismiss, if granted, would not dispose of the entire action" that a blanket stay of discovery, even when qualified immunity is invoked by one of the defendants, is unwarranted. *Arabalo v. City of Denver*, Civil Action No. 11-cv-02343-MSK-MEH, 2012 U.S. Dist. LEXIS 182251, at *7 (D. Colo. Dec. 27, 2012). Judge Mix, in denying a stay of discovery when qualified immunity had been invoked by some defendants, noted that "the Supreme Court stopped well short of mandating that a stay of all discovery *must* be entered in all such cases" where qualified immunity is raised as a defense. *Kerr v. City of Boulder*, Civil Action No. 19-cv-01724-KLM, 2020 U.S. Dist. LEXIS 202597, at *7 (D. Colo. Oct. 30, 2020) (emphasis in original). And, most importantly, this Court, while denying a stay based on qualified immunity, has held that "qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching[.]'" *Estate of Ronquillo v. City & County of Denver*, Civil Action No. 16-cv-01664-CMA-NYW, 2016 U.S. Dist. LEXIS 199734, at *3 (D. Colo. Nov. 14, 2016).

And, the situation under which the Individual Defendants seek a stay in this case highlights the problems with the Individual Defendants' proposed bright-line rule. Every

Defendant has not moved to dismiss every claim against it, meaning that even if this Court were to grant the pending motions to dismiss in their entirety, this case would proceed. Plaintiffs' claims asserted pursuant to the Colorado Constitution, which comprise half of the claims against the Individual Defendants, are not subject to qualified immunity. *See* C.R.S. § 13-21-131 (stating that "[s]tatutory immunities and statutory limitations on liability, damages, or attorney fees do not apply to claims brought pursuant to this section" and "[q]ualified immunity is not a defense to liability pursuant to this section"). The claims against the municipal defendants are likewise not subject to qualified immunity grounds. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) ("The [qualified immunity] defense is available only to individual government officials, not governmental entities"); *Hulse v. Adams Cnty., Colorado*, No. 14-CV-02531-RM-NYW, 2015 U.S. Dist. LEXIS 49027, *3 (D. Colo. Apr. 14, 2015) ("Because the doctrine of qualified immunity is not applicable to Plaintiffs' municipal liability and official capacity claims and because the filing of a motion to dismiss does not by itself constitute 'good cause' to stay discovery, the court declines to exercise its discretion to stay discovery of Plaintiffs' municipal liability and official capacity claims." (internal citations omitted)). In addition, the Individual Defendants invocation of qualified immunity raises issues of fact, as their motions to dismiss claim they did not commit a constitutional violation, which makes a blanket stay here especially inappropriate. *See* [Doc. #68], p. 7; *see also* Chad Howell, *Qualified Discovery: How Ashcroft v. Iqbal Endangers Discovery when Civil Rights Plaintiffs File Suit Against Government Officials*, 21 GEO. MASON U. CIV. RTS. L.J. 299, 317 (Spring 2011) ("*Iqbal*'s dicta should be read as rejecting…discovery only in…cases" in which a motion to dismiss based on qualified immunity raises <u>only</u> legal questions, and "[i]f there are any issues of fact relating to qualified immunity, the district court should allow discovery."). Finally, the Individual

6

Defendants that have raised the specter of qualified immunity are also the most pertinent fact witnesses in the case; therefore, even if they are successful in getting dismissed out of this case they will still be required to sit for a deposition and likely be subject to document discovery through a subpoena or other records request.

Simply put, the facts of this case, when read in combination with the caselaw in this District and Circuit, demonstrate that the Individual Defendants' requested blanket stay of all discovery in this matter is inappropriate.

### 3.2 **SCOTUS precedent does not support issuance of a blanket stay for all Defendants upon invocation of qualified immunity.**

The Supreme Court of the United States has never addressed the propriety of granting a stay of discovery while a motion to dismiss based on qualified immunity is pending. *See e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (addressing the pleading requirements under Fed. R. Civ. P 8(a) and holding that Rule 8(a) does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation); *Crawford-El v. Britton*, 523 U.S. 574 (1998) (rejecting a heightened burden on a plaintiff facing a summary judgment motion based on a qualified immunity defense); *Behrens v. Pelletier*, 516 U.S. 299 (1996) (addressing the finality and jurisdiction over an appeal from a qualified immunity decision); *Elder v. Holloway*, 510 U.S. 510 (1994) (addressing review of a qualified immunity decision); *Siegert v. Gilley*, 500 U.S. 226 (1991) (holding the plaintiff failed to state a claim for a constitutional violation); *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (addressing whether a ruling on qualified immunity is immediately appealable and whether the lower court correctly decided an issue of qualified immunity); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (establishing the qualified immunity defense). Despite this, the Individual Defendants claim that the Supreme Court has been definitive on the issue. It has not.

For example, contrary to the Individual Defendants' citations and quotations, *Iqbal* does not stand for the idea that *all discovery* for *all defendants* must be stayed while waiting for resolution of qualified immunity. 556 U.S. at 687. In *Iqbal*, the Supreme Court considered a narrow question that did not address the type of stay required when an assertion of qualified immunity is waiting to be resolved, but rather plaintiff's request to relax the pleading requirements under Rule 8. *Id.* at 684-86. In *dicta*, the Supreme Court emphasized its concern with protecting officials from litigation through qualified immunity. *Id.* at 685. The *Iqbal* court did not hold, nor imply, that discovery should be stayed every time an individual defendant invokes qualified immunity, and certainly not blanketly stayed when only a few defendants invoke qualified immunity. *See Crawford-El,* 523 U.S. at 585 (noting that "[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding"). Instead, the Supreme Court acknowledged that qualified immunity is meant to protect officials from "disruptive discovery." *Iqbal*, 556 U.S. at 685.

What is "disruptive discovery"? Well, in *Harlow*, the Supreme Court described "disruptive discovery" as discovery that involves deposing numerous persons, including an official's professional colleagues, and which would likely delve into traditionally protected areas, such as deliberation preparatory to the formulation of government policy. 457 U.S. at 817, n. 29. Clearly, this is not the type of discovery that is being sought in this simple, straightforward Section 1983 case. And, even the "disruptive discovery" as invoked in *Iqbal* is clearly not at issue here. The *Iqbal* court described "disruptive discovery" as discovery directed at government officials who should not be distracted from the business of governing *during an unprecedented international security crisis* by the need to participate in litigation:

> If a Government official is to devote time to his or her duties, and to the formulation
> of sound and responsible policies, it is counterproductive to require the substantial

> diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation . . . exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Id.* at 687. No Defendant in this case is involved in "an international security emergency" and participating in depositions and document discovery inarguably will not be so burdensome as to prevent the operation of government, as was contemplated in *Iqbal*. *Id*. There is no crisis "unprecedented in the history of the American Republic" taking place in Colorado that prevents these Individual Defendants from handling their discovery obligations. *Id*. The Individual Defendants are local police officers who are not making national policy decisions. They are a far cry from the Secretary of Defense and burdening them with participation in litigation will not touch on the concerns outlined by the Court in *Iqbal*. The Individual Defendants' interests in seeking a stay in this case are nothing more than to delay the case and avoid the burden all defendants almost invariably face when sued.

In decisions after *Iqbal, Crawford-El* and all of the other SCOTUS precedent cited by the Individual Defendants as definitively entitling them to a stay were announced, courts in this District have regularly refused to stay discovery as to all Defendants or on all claims *even when it decided that some Defendants were entitled to a stay based on an assertion of qualified immunity*. *See, e.g.*, *Kerr v. City of Boulder*, Civil Action No. 19-cv-01724-KLM, 2020 U.S. Dist. LEXIS 202597, at *7 (D. Colo. Oct. 30, 2020); *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *3; *Moses-EL*, No. 17-cv-03018-MSK-MJW, [Doc. #93] (D. Colo. July 16, 2018); *Estate of Ronquillo*, 2016 U.S. Dist. LEXIS 199734, at *3; *Arabalo v. City of Denver*, Civil Action No. 11-cv-02343-MSK-MEH, 2012 U.S. Dist. LEXIS 182251, at *7 (D. Colo. Dec. 27, 2012); *Vaughn*, 2006 U.S. Dist. LEXIS 24815, at *1; *Wanstall*, 2014 U.S. Dist. LEXIS 130281, at *6-9; *Grobecker v. Grundy*, No. 13-cv-01190-MSK-KLM, 2013 U.S. Dist. LEXIS 172655, at

9

\*2-6 (D. Colo. Dec. 9, 2013); *Pride Servs. v. City of Denver*, No. 11-cv-02596-MSK-KLM, 2012 U.S. Dist. LEXIS 28286, at \*3-8 (D. Colo. Mar. 5, 2012); *Rehberg v. City of Pueblo*, Civil Action No. 10-cv-00261-LTB-KLM, 2011 U.S. Dist. LEXIS 87860 (D. Colo. Aug. 9, 2011).

Similarly, courts outside of this District uniformly hold that the Individual Defendants' interpretation of Supreme Court precedent is clearly erroneous. *See Saenz v. City of El Paso, Tex.*, 2015 U.S. Dist. LEXIS 102200, 2015 WL 4590309, at \*2 (W.D. Tex. Jan. 26, 2015) (finding that neither "*Harlow* [nor] *Iqbal* . . . stand for the proposition that *all discovery* as to *all defendants* must be stayed pending a court's resolution of an assertion of qualified immunity" (emphasis in original)); *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 U.S. Dist. LEXIS 26328, 2013 WL 690833, at \*2 (S.D. Cal. Feb. 26, 2013) (noting in response to *Iqbal* that "the Court is not convinced an automatic stay of all discovery is required in every case in which a defendant raises a claim of immunity"); *Seeds of Peace Collective v. City of Pittsburgh*, No. 09-1275, 2010 U.S. Dist. LEXIS 76612, at \*6-9 (W.D. Pa. July 28, 2010); *S.D. v. St. Johns Cty. Sch. Dist.*, No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 110198, at \*3 (M.D. Fla. Nov. 24, 2009).

### 3.3 **In deciding the Individual Defendants' entitlement to a stay, courts should consider whether the Individual Defendants are likely to succeed on their motion to dismiss.**

Although Plaintiffs are unaware of any Tenth Circuit case on-point, courts in this District have reflexively applied the test formulated by Judge Coan in *String Cheese Incident, LLC v. Stylus Shows, Inc.* (hereinafter "*String Cheese*"), in determining whether to stay discovery. Civil Action No. 05-cv-0193-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at \*4 (D. Colo. Mar. 30, 2006). The *String Cheese* analysis requires the moving party (in this case, Defendants) to establish that the balance of the following five interests tips in their favor: (1) Plaintiffs' interests

in proceeding expeditiously with the civil action and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to this civil litigation; and (5) the public interest. *Id.*, at *4. As described below, the weight of these factors in the present case clearly militates that discovery proceed.

That result is even more apparent when the court includes in its analysis an important consideration that is crucial to determining whether there is "good cause" for a discovery stay under Fed. R. Civ. P. 26(c), but was not addressed in *String Cheese*: likelihood of success of the motion to dismiss. A vast swath of jurisdictions[1] employ this "preliminary peek" approach, and this Court should follow these courts in holding that, prior to granting a discovery stay, the court

---

[1] *See, e.g., Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Feldman*, 176 F.R.D. at 652; *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000); *Ameris Bank v. Russack*, 2014 U.S. Dist. LEXIS 73460, 2014 WL 2465203 at *1 (S.D. Ga. 2014); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 U.S. Dist. LEXIS 80216, 2008 WL 4544470 at *1 (M.D. Ga. 2008); *Great W. Cas. Co. v. Firstfleet, Inc.*, No. CA 12-00623-KD-N, 2013 U.S. Dist. LEXIS 92465, at *5 (S.D. Ala. July 2, 2013); *DRK Photo v. McGraw-Hill Cos., Inc.*, No. CV 12-8093-PCT-PGR, 2012 U.S. Dist. LEXIS 168101, at *4 (D. Ariz. Nov. 27, 2012); *Ceglia v. Zuckerberg*, No. 10-CV-569A(F), 2012 U.S. Dist. LEXIS 85633, at *5 (W.D.N.Y. June 20, 2012); *Money v. Health*, No. 3:11-cv-00800-LRH-WGC, 2012 U.S. Dist. LEXIS 49922, at *14-15 (D. Nev. Apr. 9, 2012); *Mlejnecky v. Olympus Imaging America, Inc.*, No. 10-2630 2011 U.S. Dist. LEXIS 16128, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011); *SP Frederica, LLC v. Glynn Cty.*, No. 2:15-cv-73, 2015 U.S. Dist. LEXIS 119310, at *7 (S.D. Ga. Sep. 8, 2015); *Suarez v. Beard*, No. 15-cv-05756-HSG, 2016 U.S. Dist. LEXIS 161222, at *3 (N.D. Cal. Nov. 21, 2016); *Bennett v. Fastenal Co.*, Civil Action No. 7:15-cv-00543, 2016 U.S. Dist. LEXIS 194431, at *2 (W.D. Va. Mar. 8, 2016); *Barber v. Remington Arms Co.*, No. CV 12-43-BU-DLC, 2012 U.S. Dist. LEXIS 146938, at *2 (D. Mont. Oct. 11, 2012); *United States ex rel. Jacobs v. CDS*, P.A., No. 4:14-cv-00301-BLW, 2015 U.S. Dist. LEXIS 117915, at *4 (D. Idaho Sep. 3, 2015); *Sams v. Ga W. Gate*, LLC, No. CV415-282, 2016 U.S. Dist. LEXIS 75974, at *15 (S.D. Ga. June 10, 2016); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 205650, at *7 (S.D. Fla. Dec. 14, 2017); *Minton v. Jenkins*, No. 5:10cv61/RH/EMT, 2011 U.S. Dist. LEXIS 55695, at *3 (N.D. Fla. May 24, 2011); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 2:14-cv-1455, 2015 U.S. Dist. LEXIS 132958, at *3 (W.D. Pa. Sep. 30, 2015).

should consider the likelihood of success of the pending motion to dismiss.[2]

The benefit of the preliminary peek approach is that it "allows judges to refine their balancing in a way that allows them to minimize the risk of unnecessary costs and burdens in any particular case" when "discovery is unlikely to prove wasteful and any risk is outweighed by the harms associated with delay." Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 Wake Forest L. Rev. 71, 88 (2012). Therefore, Plaintiffs ask that this Court adopt a rule that requires courts to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In doing so, this Court would adopt an approach that better holds the Individual Defendants to their "burden of showing [immediate and clear possibility] and reasonableness." *Id.*[3]

### 3.4 **Applying the *String Cheese* factors confirms that discovery should proceed as to all Defendants.**

Considering the relevant interests involved and "[t]he strong presumption against stays," *Pandaw Am.,* 2012 U.S. Dist. LEXIS 704, at *6, the Individual Defendants have not met their

---

[2] It is important to note that at least three courts in this District have utilized the preliminary peek framework without naming it as such. *See Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 U.S. Dist. LEXIS 123427, at *3 (D. Colo. Dec. 22, 2009); *Sanaah v. Howell*, Civil Action No. 08-cv-02117-REB-KLM, 2009 U.S. Dist. LEXIS 35260, at *2 (D. Colo. Apr. 9, 2009).

[3] *See also United States ex rel. Howard v. Shoshone Paiute Tribes*, No. 2:10-cv-01890-GMN-PAL, 2012 U.S. Dist. LEXIS 84455, at *1 (D. Nev. June 14, 2012) (holding that "a district court may stay discovery only if it is convinced that the plaintiff cannot state a claim for relief."); *Sams v. Ga W. Gate, LLC*, No. CV415-282, 2016 U.S. Dist. LEXIS 75974, at *15 (S.D. Ga. June 10, 2016) ("Generally, a stay should be granted only where the motion to dismiss appears, upon preliminary review, 'to be clearly meritorious and truly case dispositive,' rendering discovery a mere futile exercise.") (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Feldman*, 176 F.R.D. at 652-53)).

heavy burden to show that the filing of a motion to dismiss constitutes "extreme circumstances" so as to justify a stay. *Robert W. Thomas*, 2012 U.S. Dist. LEXIS 114092, at *6-7.

### 3.4.1 Plaintiffs' interest in proceeding expeditiously militates strongly in favor of allowing discovery to proceed.

Plaintiffs' "interest in proceeding with the lawsuit are manifest." *Id.* at *10. Granting the Individual Defendants' motion to stay "could delay the proceedings for an unknown period of time until there is a ruling on [the motion to dismiss] and . . . the delay would significantly impact and prejudice [Plaintiffs'] right to pursue [their] case and vindicate [their] claim[s] expeditiously." *See String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388, at *6 (citation omitted). The longer Plaintiffs must wait to obtain discovery, the more likely its value will be diluted because "the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *3; *Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 U.S. Dist. LEXIS 25379, at *2-3 (D. Colo. Mar. 2, 2010); *Marks v. Lynch*, Civil Action No. 16-cv-02106-WYD-MEH, 2017 U.S. Dist. LEXIS 16234, at *7 (D. Colo. Feb. 6, 2017) (denying motion to stay, in part, because "staying the entire case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability."). In this respect, "delay may diminish Plaintiff[s'] ability to proceed and may impact [their] ability to obtain a speedy resolution of [their] claims." *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *3; *see also Hargroves v. City of New York*, No. 03 CV 1668 (RRM) (ALC), 2010 LEXIS 94664 (E.D.N.Y. Sep. 10, 2010), *at 12 ("[T]he [p]laintiff has the burden of proof, and as the case continues to languish, it may become more difficult for [the] [p]laintiff to locate documents and witnesses.").

Moreover, Plaintiffs have an inherent "right to have [their] claims heard without undue delay." *Jones v. Clinton*, 72 F.3d 1354, 1363 (8th Cir. 1996); *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 58 (D. Colo. 1987) (acknowledging that "justice delayed is justice denied" and "suffer[ing] no illusions that time and justice are unrelated"). "[A] stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *4; *see Chavez v. Young Am. Ins. Co.*, Civil Action No. 06-cv-02419-PSF-BNB, 2007 U.S. Dist. LEXIS 15054, at *4 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, No. 06-cv-00955-WDM-BNB, 2006 U.S. Dist. LEXIS 57304, at *3 (D. Colo. Aug. 11, 2006). This Court should fully consider the prejudice that would be inflicted upon Plaintiffs if a stay is granted.

### 3.4.2 Allowing discovery to proceed does not unfairly burden the Individual Defendants.

The Individual Defendants have shown no particularized facts that demonstrate they will suffer a clearly defined and serious harm associated with moving forward with discovery. "[W]here a movant seeks relief that would delay court proceedings by other litigants [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading*, 713 F.2d at 1484. "[A]bsent an extraordinary or unique burden imposed by the discovery at issue," courts often find that "on balance, a consideration of the first two *String Cheese* factors weigh against the imposition of a stay." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 U.S. Dist. LEXIS 66948, at *4 (D. Colo. June 22, 2011). Defendants have not shown any "extraordinary or unique burden" supporting departure from that norm. *Id.*

In their motion, the Individual Defendants do not articulate any particular burden they would bear if discovery were allowed to proceed (outside of asserting that qualified immunity

14

entitles them to a stay). [Doc. #68]. That is likely because there are no burdens on the Individual Defendants outside of "[t]he ordinary burdens with litigating a case" which "do not constitute undue burden." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *3. This alone is grounds for denying Defendants' motion. *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008); *Marks*, 2017 U.S. Dist. LEXIS 16234, at *7 (holding that the moving party "must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection").

Given that the Individual Defendants fail to articulate a specific burden, at best, "[t]he first two factors cancel each other out as any burden on Defendants is countered by Plaintiff's interest in proceeding with this litigation." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, Civil Action No. 16-cv-1084-WJM-NYW, 2016 U.S. Dist. LEXIS 185941, at *4 (D. Colo. Sep. 13, 2016); *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *3.

### 3.4.3 Convenience to the Court is served by allowing discovery to proceed.

This District's general policy to not automatically stay discovery pending a ruling on a motion to dismiss recognizes that there are "burdens to the court and to the public in delaying, potentially for months, those cases where a motion to dismiss is filed." *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 U.S. Dist. LEXIS 34075, at *5 (D. Colo. May 9, 2007). The weight of authority in this District holds that a stay is not an efficient use of judicial resources because of the impact it has on a court's management of its docket. *Bitco Gen. Ins. Corp.*, 2016 U.S. Dist. LEXIS 185941, at *4 (holding that "the public has an interest in efficient use of public resources, including Court resources… therefore weighs in favor a denying the stay"); *Yeiser v. DG Retail, LLC*, Civil Action No. 18-cv-0320-WJM-STV, 2019 U.S. Dist. LEXIS 129554, at *15 (D. Colo. Aug. 2, 2019); *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS

25858, at *3 (same); *Estate of Bailey*, 2020 U.S. Dist. LEXIS 214552, at *4 (same); *A.A. v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045, at *9-10 (D. Colo., July 12, 2012); *Patterson v. Santini*, No. 11-cv-01899-RM-KLM, 2014 U.S. Dist. LEXIS 12128 at *7 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."). Indeed, if discovery were stayed in every case where a motion to dismiss is filed or qualified immunity is raised as a defense, courts would encounter extreme difficulty in managing their dockets. *See Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6-7 (stating that general discovery deadlines set by the judge for all litigants "could not be met if cases routinely [were] stayed while motions to dismiss [were] pending"). This Court's interests in cultivating a manageable, predictable, and efficient docket weigh against further delay.

### 3.4.4 The public interest and the interests of third parties are served by denying the Individual Defendants' request for a stay.

For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. There is a "strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *5; *see also Pandaw Am.*, 2012 U.S. Dist. LEXIS 704, at *6 ("The public interest . . . underlying all lawsuits [is] that they be resolved as fairly and quickly as possible."). Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *4-5.

> The relation between case disposition time and civil justice goals is straightforward. . . . . Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them. Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably.

Michael Heise Justice Delayed: *An Empirical Analysis of Civil Case Disposition Time*, 50 Cas.

16

W. Res. L. Rev. 813, 814 (2000). Without confidence in our justice system, those who need the courts to vindicate their rights may not seek judicial remedies, thereby never receiving the relief to which they are entitled.

In addition, resounding authority holds that "the public [has] an interest in assuring that institutions… [were] operating within the bounds of the law." *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935, at *12-13 (D. Colo. Mar. 12, 2013). In other words, the public has the right to know whether the Individual Defendants are violating citizens' constitutional rights. *See A.A.,* 2012 U.S. Dist. LEXIS 96447, at *14 ("[T]he public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials."). Because Plaintiff's allegations "call into question . . . the competence and good faith" of public entities, the interests of third parties and the public in quickly discovering the veracity of Plaintiff's allegations weigh against granting a stay. *See "V.S." v. Muhammad*, No. 07-CV-0213 (DLI) (JO), 2008 U.S. Dist. LEXIS 96099, at *10 (E.D.N.Y. Nov. 24, 2008). Most importantly, Plaintiffs seek injunctive relief in the form of policy changes and training, which further tilts this factor in their favor. *See Estate of Reat v. Rodriguez*, No. 12-cv-02531-REB-MEH, 2013 U.S. Dist. LEXIS 14839, at *13 (D. Colo. Feb. 4, 2013) ("[A]ny delay in the prosecution of this case affects not only the parties, but all persons who may benefit from the proposed polic[y] changes Plaintiff hope[s] to accomplish.").

      3.4.5 **A preliminary peek reveals that the Individual Defendants' Motion To Dismiss would not dispose of the entire case.**

Courts routinely deny a motion for a stay pending the resolution of a motion to dismiss based on qualified immunity when "a review of the [m]otion to [d]ismiss reveal[s] that success on the merits of [a qualified immunity] defense is not assured." *Sanaah*, 2009 U.S. Dist. LEXIS 35260, at *3. "In assessing the propriety of a stay, [the] court must consider: whether the movant

17

is likely to prevail in the related proceeding [and] whether, absent a stay, any party will suffer substantial or irreparable harm." *Waisanen*, 2009 U.S. Dist. LEXIS 123427, at *4 (citing *Landis*, 299 U.S. at 254); *see also Nakivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("[I]t is helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.'" (citation omitted)). Without a preliminary showing that a qualified immunity defense is likely to dispose of *the entire case*, the Individual Defendants have not met their burden establishing them to a stay, since if they are not likely able to succeed on the defense, the policy reasons for not subjecting them to the burdens of discovery disappear.

In this case, "both statistically and in consideration of the burden on the moving party, there is a substantial likelihood [the Individual Defendants] will not prevail on" their Motion[s] to Dismiss. *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 U.S. Dist. LEXIS 101609, at *23 (D. Colo. Nov. 26, 2008); *see also Hall v. Town of Gilcrest*, No-cv-00327-REB-BMB, 2011 U.S. Dist. LEXIS 44809, at *4 (D. Colo. Apr. 20, 2011) ("[M]otions to dismiss are denied far more often than they result in termination of a case," so "it is more likely than not from a statistical standpoint that a delay pending a ruling on [the Individual Defendants'] [M]otions to [D]ismiss would prove unnecessary.").

Even assuming, *arguendo*, the claims against the Individual Defendants were to be dismissed, the claims against the other Defendants – half of the claims in this case – would still proceed. Part of the preliminary peek analysis is necessarily whether the motions to dismiss would dispose of the lawsuit in its entirety. *Sams v. Ga W. Gate, LLC*, No. CV415-282, 2016 U.S. Dist. LEXIS 75974, at *15 (S.D. Ga. June 10, 2016) ("Generally, a stay should be granted only where the motion to dismiss appears, upon preliminary review, 'to be clearly meritorious

and truly case dispositive,' rendering discovery a mere futile exercise."); *Mlejnecky v. Olympus Imaging America, Inc.*, No. 10-2630 2011 U.S. Dist. LEXIS 16128, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011); *SP Frederica, LLC v. Glynn Cty.*, No. 2:15-cv-73, 2015 U.S. Dist. LEXIS 119310, at *7 (S.D. Ga. Sep. 8, 2015). Clearly, the Individual Defendants' motion would not do that. *See Feldman*, 176 F.R.D. 651 (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action).

4. **CONCLUSION**

For the reasons set forth herein, Individual Law Enforcement Defendants' Joint Motion To Stay And Vacate The Scheduling Conference, [Doc. #68], should be denied in its entirety.

DATED this 22nd day of January 2021.

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
_____
Mari Newman
Andy McNulty
Helen Oh
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: (303) 571-1000
Fax: (303) 571-1001
mnewman@kln-law.com
amcnulty@kln-law.com
hoh@kln-law.com

ATTORNEYS FOR PLAINTIFFS

19

# CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2021, I electronically filed the foregoing **RESPONSE TO INDIVIDUAL LAW ENFORCEMENT DEFENDANTS' JOINT MOTION TO STAY AND VACATE THE SCHEDULING CONFERENCE AND NOTICE OF JOINDER TO STAY DISCOVERY** using the CM/ECF system, which will send notification of this filing to the following:

Thomas S. Rice
Eric M. Ziporin
Jonathan N. Eddy
SGR, LLC
3900 East Mexico Ave., Suite 700
Denver, CO 80210
trice@sgrllc.com
eziporin@sgrllc.com
jeddy@sgrllc.com

Rebecca Klymkowsky
Rachel M. Bender
Senior Assistant County Attorney
Jefferson County Attorney's Office
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
rklymkow@jeffco.us
rbender@jeffco.us

Peter Dougherty
Lasater and Martin
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
peter@lasaterandmartin.com

Writer Mott
Rebecca Taylor
Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120-1136
wmott@arapahoegov.com
rtaylor@arapahoegov.com

                                      *s/ Charlotte Bocquin Scull*
                                      Paralegal