**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02172-RM-NYW

LINDSAY MINTER,
THOMAS MAYES,
KRISTIN MALLORY,
TYLER SPRAGUE,
ALISSIA ACKER,
IRMA JOLENE FISHER, and
TOBIAS HOPP,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO,
JEANNETTE RODRIGUEZ,
VANESSA WILSON,
MICHAEL COFFMAN,
STEPHEN E. REDFEARN,
DELBERT L. TISDALE, JR.
MICHAEL MCCLELLAND,
TERRY BROWN,
REGINALD DEPASS,
NATHANIEL MOSS,
STEPHEN T GARBER,
DARREN CHAMBERLAND,
MATTHEW BRUKBACHER,
WILLIAM HUMMEL,
DANIEL SMICK,
JASON BUBNA,
AUSTIN RUNYON,
SAMMIE WICKS, II,
JOSHUA WINTERS,
KEVIN DEICHSEL,
RYAN SWEENEY,
JORDAN O'NEAL,
CALEB JOSEPH PARRELLA,
EDWARD L VANCE,
NICHOLAS WILSON,
MICHAEL BENDER,
KATHERINE LEWIS,
DEJON MARSH,
ROBERT ROSEN,

RONALD JAUREGUI-GUTIERREZ,
HADEN JONSGAARD,
MATTHEW GREEN,
ETHAN SNOW,
BRIAN MCCLURE,
SCOTT OSGOOD,
RYAN STOLLER,
JUAN GONZALEZ,
JENNIFER MCCORMACK,
NICHOLAS BRUNGARDT,
JOSHUA BEBEE,
STEVEN BRENNEMAN,
NICHOLAS LESANSKY,
MATTHEW CAMPBELL,
CORY MANKIN,
GRETA SALAZAR,
ROBERT WEATHERSPOON,
TYLER TIEGEN,
SEAN CONLEY,
CHRISTOPHER (SHANE) PURCELL,
LEWIS LITWILER,
GREG BRYANT,
BEN BULLARD,
RYAN MCCONNELL,
BRANDON HOLDER,
ANTHONY ROSALES, and
CARLY SIMMONS,

     Defendants.

# ORDER

Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendants Stephen Redfearn, Delbert Tisdale, Michael McClelland, Terry Brown, Reginald DePass, Nathaniel Moss, Stephen T. Garber, Darren Chamberland, Matthew Brukbacher, William Hummel, Daniel Smick, Jason Bubna, Austin Runyon, Sammie Wicks, Joshua Winters, Kevin Deichsel, Ryan Sweeney, Jordan O'Neal, Caleb Joseph Parrella, Edward Vance, Nicholas Wilson, Michael Bender, Kathrine Lewis, Dejon Marsh, Robert Rosen, Ronald Jauregui-Gutierrez, Haden Jonsgaard, Matthew Green, Ethan Snow, Brian

McClure, Scott Osgood, Ryan Stoller, Juan Gonzalez, Jennifer McCormack, Nicholas Brungardt, Joshua Bebee, Steven Brenneman, Nicholas Lesansky, Matthew Campbell, Cory Mankin, and Greta Salazar (individual officers from the Aurora Police Department); Jeanette Rodriguez, Robert Weatherspoon, Tyler Teigen, Sean Conley, Christopher (Shane) Purcell, Lewis Litwiler, Greg Bryant, Ben Bullard, Ryan McConnell, and Brandon Holder (individual officers from the Arapahoe County Sheriff's Office); and Anthony Rosales and Carly Simmons's (individual officers from the Jefferson County Sheriff's Office) (collectively, "Individual Law Enforcement Defendants") Joint Motion to Stay Discovery and Vacate the Scheduling Conference (or "Motion to Stay") [#68, filed January 19, 2021].[1]  The presiding judge, the Honorable Raymond P. Moore, referred the instant Motion to the undersigned pursuant to 28 U.S.C. § 636(b), the Order Referring Case filed July 24, 2020 [#5], and Memorandum dated January 19, 2021 [#69].  Having reviewed the Motion and associated briefing [#72, #73, #76], the applicable case law, and being otherwise advised in its premise, I **DENY** the Motion to Stay.

## BACKGROUND

Plaintiffs Lindsay Minter, Pastor Thomas Mayes, Kristin Mallory, Tyler Sprague, Alissia Acker, Irma Jolene Fisher, and Tobias Hopp (collectively, "Plaintiffs") bring this putative class action against Defendants for their alleged violations of Plaintiffs' state and federal constitutional rights during a violin vigil Plaintiffs organized and/or attended in Elijah McClain's memory on June 27, 2020 in Aurora, Colorado. *See generally* [#20].  Specifically, Plaintiffs allege that their rights—and the rights of others similarly situated—were violated as the result of municipal policies or practices adopted by the City of Aurora and/or the actions taken by law enforcement personnel

---

[1] As discussed in greater detail below, Defendants Michael Coffman, Vanessa Wilson, and the City of Aurora filed a Notice of Joinder to Motion to Stay [#72] on January 22, 2021, thereby joining the Individual Law Enforcement Defendants' Motion to Stay.

on June 27, 2020, after the violin vigil was declared an unlawful assembly and Defendant Vanessa Wilson ("Defendant Wilson"), the Interim Police Chief of Aurora, ordered law enforcement personnel to disperse the crowd that had gathered. [*Id.*]. With little warning to vigil attendees, law enforcement personnel proceeded to undertake crowd dispersal efforts. [*Id.* at ¶¶ 38–40]. In so doing, law enforcement personnel deployed chemical agents, used non-lethal projectiles, and—in some instances—used batons to "jab" or "prod" vigil attendees. [*Id.* at ¶ 41].

Believing Defendants violated their constitutional and statutory rights, Plaintiffs initiated this action by filing a Complaint on July 23, 2020. *See generally* [#1]. This action was assigned to Judge Moore and drawn to the undersigned. [#3, filed July 23, 2020]. Judge Moore subsequently referred this case to the undersigned pursuant to 28 U.S.C. § 636(b). [#5]. On October 12, 2020, Plaintiffs filed an Amended Complaint as a matter of right, which remains the operative pleading in this case. [#20]. Therein, Plaintiffs assert ten claims for relief on behalf of themselves and all others similarly situated, including five § 1983 claims for violations of their federal constitutional rights and five Colorado state law claims.

First, all Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 for violation of their First Amendment rights to freedom of speech and assembly ("Claim One") against all Defendants. [#20 at ¶¶ 229–50]. Second, all Plaintiffs assert a retaliation claim pursuant to § 1983 for violation of their First Amendment rights ("Claim Two") against all Defendants for allegedly using unlawful force against Plaintiffs in retaliation for Plaintiffs' exercise of their First Amendment rights. [*Id.* at ¶¶ 251–72]. Third, Plaintiffs Minter, Mallory, Sprague, Acker, Fisher, and Hopp assert a Fourth Amendment excessive force claim under § 1983 ("Claim Three") against all Defendants except Defendant Michael Coffman ("Defendant Coffman") for their excessive use of physical force, including the use of chemical agents, and failures to intervene. [*Id.* at ¶¶ 273–94]. Similarly,

4

Plaintiffs Minter, Mallory, Sprague, Acker, Fisher, and Hopp assert a Fourteenth Amendment substantive due process claim under § 1983 ("Claim Four") against all Defendants except Defendant Coffman for their disproportionately excessive use of force. [*Id.* at ¶¶ 295–310]. All Plaintiffs assert a fifth claim for relief, for alleged violations of their Fourteenth Amendment Due Process Clause rights, brought pursuant to § 1983 ("Claim Five") against all Defendants except Defendant Coffman and premised on their alleged lack of legal authority to order the dispersal of Plaintiffs at the violin vigil. [*Id.* at ¶¶ 311–24].

Plaintiffs also assert five state law claims against the Individual Law Enforcement Defendants and Defendant Wilson: Claim Six is a freedom of speech claim brought by all Plaintiffs pursuant to Colo. Rev. Stat. § 13–21–131 and the Free Speech Clause of the Colorado Constitution, Art. II, § 10, [#20 at ¶¶ 325–43]; Claim Seven is brought by all Plaintiffs pursuant to Colo. Rev. Stat. § 13–21–131 and the Assembly and Petition Clause of the Colorado Constitution, Art. II, § 24, [*id.* at ¶¶ 344–62]; Claims Eight and Nine are excessive force claims brought by Plaintiffs Minter, Mallory, Sprague, Acker, Fisher, and Hopp pursuant to Colo. Rev. Stat. § 13–21–131 and Article II, Sections 7 and 25 of the Colorado Constitution, respectively [*id.* at ¶¶ 363–92]; and Claim Ten is a due process claim brought by all Plaintiffs pursuant to Colo. Rev. Stat. § 13–21–131 and the Colorado Constitution, Art. II, § 25 [*id.* at ¶¶ 364–404].

On January 15, 2021, Defendant Coffman, the Arapahoe and Jefferson County Defendants ("County Defendants"), and the Aurora Officer Defendants filed Motions to Dismiss. *See* [#61 (the "Coffman Motion to Dismiss"); #62 (the "County Defendants' Motion to Dismiss"); #66 (the "Aurora Officers' Motion to Dismiss")]. That same day, Defendants Wilson and Rodriquez also filed Partial Motions to Dismiss, respectively. *See* [#60 (the "Wilson Motion to Dismiss"); #64 (the "Rodriquez Motion to Dismiss")].

The County Defendants, Aurora Officer Defendants, Defendant Coffman, and Defendant Rodriquez (collectively, the "Individual Defendants") move—with one exception[2]—to dismiss Plaintiffs' federal claims asserted against them in their individual capacities pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, also arguing that they are entitled to qualified immunity. [#61, #62, #64, #66]. With the exception of Defendant Coffman, against whom no state law claims are asserted, the Individual Defendants also seek dismissal of Plaintiffs' parallel state law claims (Claims Six through Ten) against them for failure to state a claim. [#62, #64, #66]. The County Defendants also challenge federal subject matter jurisdiction over the claims asserted against them, arguing that Plaintiffs lack standing. [#62]. The County Defendants are the only Defendants to expressly move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* [#60, #61, #62, #64, #66]. Finally, Defendant Wilson moves to dismiss Plaintiffs' state law claims asserted against her, arguing that Plaintiffs fail to state a claim because Colo. Rev. Stat. § 13–21–131 is unconstitutional. [#60].

On January 19, 2021, the Individual Law Enforcement Defendants filed the instant Joint Motion to Stay Discovery and Vacate the Scheduling Conference. [#68]. The undersigned ordered that any responses thereto be filed by January 22, 2021, and ordered that no replies be filed absent leave of court. [#70]. Defendants Coffman, Wilson, and the City of Aurora (collectively, the "City Defendants") subsequently filed a Notice of Joinder to Motion to Stay Discovery, whereby the City Defendants join the Individual Law Enforcement Defendants' Motion to Stay (hereinafter

---

[2] Defendant Rodriquez "seeks dismissal of all Claims for Relief . . . with the single exception of the Fourth Amendment Claim as against [sic] Plaintiff Acker." [#64 at 4]. Defendant Rodriquez states in her Motion to Dismiss that "[a] Motion for Summary Judgment will follow, [sic] regarding [Acker's] claim of excessive force under the Fourth Amendment[.]" [*Id.* at 4 n.1]. In other words, Defendant Rodriquez has not moved to dismiss Claim Three as asserted against her by Plaintiff Acker.

referred to as the "Defendants' Motion to Stay"), and add that "it would be inefficient, potentially duplicative, and prejudicial to proceed with discovery as to the City and/or Chief Wilson while the case against the individuals is stayed." [#72, filed January 22, 2021]. Plaintiffs also timely filed their Response to the Motion to Stay ("Response"). [#73]. Thus, the Motion to Stay is ripe for consideration.

On January 27, 2021, a Status Conference was held before the undersigned, during which the Motion to Stay was taken under advisement and this court reset the Scheduling Conference for March 1, 2021. [#75]. Shortly thereafter, Plaintiffs filed a Notice of Supplemental Authority. [#76, filed February 1, 2021]. This court now turns to consider the Motion to Stay.

## LEGAL STANDARD

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL

7

894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-CV-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

## ANALYSIS

Defendants offer two reasons for staying discovery pending resolution of the Individual Defendants' Motions to Dismiss. First, Defendants argue that the court should stay discovery because the Individual Defendants assert qualified immunity as a defense to Plaintiffs' § 1983 claims against them. [#68 at 4–6]. Second, Defendants argue that a stay is warranted under the *String Cheese* factors as to all of Plaintiffs' claims because the Individual Defendants' various challenges to the Amended Complaint, if successful, may be dispositive of all of Plaintiffs' claims against the Individual Defendants.[3] [*Id.* at 6–10]. Plaintiffs oppose the imposition of a stay in any form. *See generally* [#73]. I consider the Parties' arguments below.

***Qualified Immunity.*** Section 1983 of Title 42 of the United States Code "allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quoting *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013)). The defense of qualified immunity is available to individual defendants named in a § 1983 action, and "shields public

---

[3] This court notes the City Defendants' additional argument in the Notice of Joinder to Motion to Stay that "it would be inefficient, potentially duplicative, and prejudicial to proceed with discovery as to the City and/or Chief Wilson while the case against the individuals is stayed." [#72 at ¶ 5]. Because this court declines to stay discovery as to the Individual Defendants for the reasons set forth herein, the City Defendants' additional argument does not factor into this court's analysis.

officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). Generally, after the defendant asserts qualified immunity, "the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Estate of Booker*, 745 F.3d at 411 (quoting *Cillo*, 739 F.3d at 460).

Immunity provisions, whether absolute or qualified, serve to spare officials from unwarranted liability as well as "demands customarily imposed upon those defending a long drawn out lawsuit," and are "effectively lost if a case is erroneously permitted to go to trial." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting in part *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). With respect to qualified immunity, the United States Court of Appeals for the Tenth Circuit has explained:

> Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability. . . . Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. *Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.*

*Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original)). But the invocation of qualified immunity does not automatically lead to a stay. *See Rome v. Romero*, 225 F.R.D 640, 643 (D. Colo. 2004); *Sanchez v. Hartley*, No. 13-CV-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). *But see Tenorio v. Pitzer*, No. CV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013).

In their respective Motions to Dismiss, the Individual Defendants assert qualified immunity as to the federal claims asserted against them in their individual capacities. *See generally* [#61,

9

#62, #64, #66]. The Individual Defendants also challenge the parallel state law claims asserted against them on Rule 12(b)(6) grounds, and some but not all of the Individual Defendants challenge federal subject matter jurisdiction over Plaintiffs' claims for lack of standing, *see* [#62]. On this basis, the Defendants argue that all Defendants in this action are entitled to a stay of discovery pending the court's resolution of the Individual Defendants' qualified immunity defenses. [#68, #72]. Plaintiffs oppose any stay of discovery.[4] [#73].

In certain instances, courts may grant a stay of discovery based on the invocation of qualified immunity in a motion to dismiss which would act as a complete defense from suit. *See Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1–2 (D. Colo. Jan. 27, 2020) (granting motion to stay in part because the pending motion to dismiss asserted qualified immunity and, "if granted, could fully dispose of [the action]" and noting that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case") (citation omitted). Here, of Plaintiffs' ten claims against the Individual Defendants, the invocation of qualified immunity is dispositive of only five. Moreover, neither the City of Aurora nor Defendant Wilson in her official capacity may invoke qualified immunity.[5]

---

[4] Plaintiffs assert that "the Individual Defendants [sic] invocation of qualified immunity raises issues of fact, as their motions to dismiss claim they did not commit a constitutional violation . . ." [#73 at 6]. Insofar as Plaintiffs assert that any motion to dismiss asserting qualified immunity on the "constitutional violation" prong of the defense raises an issue of fact for which discovery is warranted, this court is unpersuaded. *See Wanstall v. Armijo*, No. 13-cv-02789-PAB-BNB, 2014 WL 4636457, at *3 (D. Colo. Sept. 16, 2014) ("Because the individual defendants have raised the qualified immunity defense in a motion to dismiss, the Court must accept plaintiff's factual allegations as true, obviating any need for discovery in resolving the individual defendants' motion."). *Cf. Rome v. Romero*, 225 F.R.D 640, 644 (D. Colo. 2004) (noting that, where a summary judgment motion was pending, plaintiff and defendants offered differing versions of the underlying incident).

[5] In any event, Defendant Wilson has not invoked qualified immunity as a defense to Plaintiffs' claims against her in her individual capacity. *See* [#60].

10

This court is further mindful that qualified immunity does not apply to Plaintiffs' state law claims against the Individual Defendants. Indeed, as recognized by the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), "Colorado enacted legislation on June 19, 2020, that created a new cause of action for state constitutional rights violations by law enforcement. The CGIA does not apply to this new cause of action. Nor is state qualified immunity a defense to it."[6] *See Sawyers v. Norton*, 962 F.3d 1270, 1289 (10th Cir. 2020) (internal quotations, citations, and alterations omitted). Thus, even if the Individual Defendants prevail on their qualified immunity defenses, this does not preclude (a) the parallel state law claims against the Individual Defendants;[7] (b) the municipal liability claims against the City of Aurora; or (c) the claims against Defendant Wilson, depending on the basis for which qualified immunity is granted. *See Hilton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Sanchez v. City & Cty. of Denver, Colo.*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *4 (D. Colo. Feb. 26, 2020).

While this court acknowledges the general policy of staying discovery upon the invocation of qualified immunity to suit and the concurrent burdens of discovery, *see Jiron*, 392 F.3d at 414, a stay pending the determination of qualified immunity arises from the principle that officials who may be entitled to immunity should be spared the burdens of discovery, *Siegert*, 500 U.S. at 232. These concerns are somewhat less pressing here, however, given that Plaintiffs' federal claims against the municipality; state claims against the Individual Defendants; and all claims against Defendant Wilson may proceed through discovery notwithstanding the Individual Defendants'

---

[6] *See* Colo. Rev. Stat. Ann. § 13–21–131, S.B. 217, 72d Gen. Assemb., 2d Reg. Sess. § 3 (Colo. 2020).

[7] Indeed, Defendants implicitly concede as much in the instant Motion to Stay. *See* [#68 at 8 n.4 ("[I]f the Court determines Plaintiffs failed to state viable constitutional claims under the first prong of qualified immunity [sic] that finding would be dispositive of the parallel state law constitutional claims.")] (emphasis added).

11

successful invocation of qualified immunity. *See Sanchez.*, 2020 WL 924607, at *4. Some or all of the Individual Defendants are likely material witnesses in this action even if they are ultimately dismissed as defendants to the same. *See id*. And this court notes that it does not have original jurisdiction over Plaintiffs' state law claims. Rather, Plaintiffs invoke the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over their state law claims, [#20 at ¶ 11], and though the principles of comity are not directly on point, it would be incongruous to permit the invocation of qualified immunity for the federal claims to stay discovery on the state claims, particularly when the Colorado legislature expressly repudiated qualified immunity in enacting Colo. Rev. Stat. § 13–21–131.

Thus, I find that the invocation of qualified immunity by the Individual Defendants with regard to their federal claims, in and of itself, does not warrant a stay of discovery. *See id*. Accordingly, I turn next to consider whether the *String Cheese* factors nevertheless justify a stay.

**String Cheese *Factors*.** Upon application of the *String Cheese* factors to the instant action, I find that the balance of the factors does not warrant a stay of discovery. *See Sanchez*, 2020 WL 924607, at *3–6 (denying motion to stay notwithstanding individual defendants' invocation of qualified immunity on balance of the *String Cheese* factors). I consider each factor in turn.

Factors One and Two. As to the first and second *String Cheese* factors, I conclude that Plaintiffs' interests outweigh any burden to Defendants. Defendants concede that Plaintiffs have an interest in proceeding expeditiously in this matter, but argue that Plaintiffs' "generalized interest" is outweighed by the burden discovery would pose to the Individual Defendants "in light of their assertion of qualified immunity and lack of subject matter jurisdiction . . . for two reasons." [#68 at 7].

12

First, Defendants point out that the Individual Defendants assert qualified immunity on both prongs of the defense. [*Id.*]. That is, the Individual Defendants assert in their respective motions to dismiss that qualified immunity bars Plaintiffs' federal claims against them for failure to allege facts showing (1) a constitutional violation, and (2) Plaintiffs' rights were clearly established at the time of the Individual Defendants' violation(s) of the same. Defendants further argue that the burden here is "particularly onerous" given the number of defendants named in this action and contend that this is "especially true" where "a determination of immunity may be dispositive of all of the plaintiffs' claims asserted against certain defendants." [*Id.* at 8]. Plaintiffs counter, in part, that Defendants fail to articulate "any particular burden they would bear if discovery were allowed to proceed," [#73 at 14]. Indeed, to the extent Defendants assert, without support, that Plaintiffs "have indicated they intend to seek an extraordinary number of interrogatories, requests for production, and depositions," [#68 at 7], this court is unpersuaded that the potential complexity of discovery warrants imposition of a stay. In addition, Defendants have not asserted that Plaintiffs have served any discovery requests to date—let alone an "extraordinary number" of the same—and fall far short of demonstrating that such requests unduly burden any of the Defendants.[8] *See Estate of Bailey v. City of Colo. Springs, Colo.*, No. 20-cv-1600-WJM-KMT, 2020 WL 6743789, at *2 (D. Colo. Nov. 17, 2020) ("Here, Defendants have not asserted that Plaintiffs have even served any discovery requests to date, much less have they demonstrated that the requests unduly burden them."). And in reviewing the Parties' proposed Scheduling Order [#81], this court is confident that it can assist that Parties in crafting an iterative discovery plan to address the balance of burdens.

---

[8] To the extent that Defendants have a particularized concern regarding burden from a specific discovery request, the court will address such arguments at that time.

Moreover, while this court understands that discovery may burden the Individual Defendants involved in this action and distract from their core professional responsibilities, such is always the case for witnesses in civil litigation. As discussed above, qualified immunity does not apply to the municipal claims against the City of Aurora, and resolution of claims involving any City of Aurora policy, practice, or custom—regardless of the prevailing Party—"is significant for public confidence as it affects more than just the individual Plaintiffs in this action." *Sanchez*, 2020 WL 924607, at *5 (finding factor two weighed against a stay and, on balance of the *String Cheese* factors, denying motion to stay proceedings). *Cf. Harris v. McConnell*, No. 20-cv-01596-RM-KMT, 2020 WL 7335613, at *2 (D. Colo. Dec. 12, 2020) ("[I]mportantly, all of Plaintiff's claims appear to be subject to a qualified immunity defense. . . . Accordingly, the second factor also weighs in favor of a stay.").

Indeed, the Individual Defendants—even if dismissed from this action—will still be subject to discovery obligations as "the most pertinent fact witnesses in this case," as asserted against the City of Aurora and/or Defendant Wilson [#73 at 7], so "any additional burden associated with also being asked questions as to the individual liability claims would be minimal," *Estate of McClain v. City of Aurora*, No. 20-cv-02389-DDD-NRN, 2021 WL 307505, at *4 (D. Colo. Jan. 29, 2021). *See also id.* at *3 ("It makes no sense to have the individual Defendants be deposed as witnesses now, only to be re-deposed as parties later in the event their qualified immunity defenses are unsuccessful.").

Second, Defendants vaguely note that "some" of the Motions to Dismiss challenge this court's subject matter jurisdiction "to hear the claims against the Officer Defendants for lack of Article III standing." [#68 at 8]. Defendants point out that courts in this District have "recognized that a stay is warranted while the issue of jurisdiction is being resolved." [*Id.* (quoting *Genberg v.*

*Porter*, No. 11-cv-02434-WYD-MEH, 2012 WL 640150, at *2 (D. Colo. Feb. 27, 2012))]. Indeed, courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues," *Clarendon*, 2019 WL 1897845, at *2, and have generally favored stays where a pending dispositive motion would completely dispose of the action pursuant to qualified immunity, *see, e.g.*, *Lopez*, 2020 WL 417590, at *1–2, or jurisdictional grounds, *see, e.g.*, *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-CV-02640-REB-MKT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013).

But here, only one of the pending Motions to Dismiss clearly asserts a jurisdictional challenge pursuant to Federal Rule of Civil Procedure 12(b)(1), and that Motion to Dismiss is brought on behalf of the County Defendants, only. *See* [#62]. *Cf. Genberg*, 2012 WL 640150, at *2 (finding a stay warranted where six of the seven defendants asserted jurisdictional defenses in their motions to dismiss). And while this court recognizes its independent obligation to determine whether subject matter jurisdiction exists, *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)), and recognizes the possibility that the County Defendants' standing arguments apply equally to the other Individual Defendants in this action, the Defendants do not argue this point in the instant Motion. *See* [#68, #72]. At this juncture, absent a more developed argument from Defendants as to the implications of the County Defendants' successful jurisdictional challenge on claims against other defendants in this action, this court declines to assume that all of the Individual Defendants will be dismissed from this action if the County Defendants' Motion to Dismiss [#62] is granted on jurisdictional grounds.[9]

---

[9] This court notes that the Aurora Officer Defendants arguably assert a lack of standing argument in a single sentence in their Motion to Dismiss. *See* [#66 at 17 ("Furthermore, no individual may

15

Finally, this court notes that—even if aggregated—the qualified immunity and jurisdictional arguments set forth in the Motions to Dismiss, even if granted, would still not resolve the instant action in its entirety. *Cf. Lopez*, 2020 WL 417590, at *1–2; *Wyers*, 2013 WL 2466917, at *2. Simply put, "'Defendants have established no particularized facts that demonstrate that they will suffer a clearly defined and serious harm associated with moving forward with discovery.'" *McClain*, 2021 WL 307505, at *4 (quoting *Estate of Ronquillo v. City & Cty. of Denver*, No. 16-cv-01664-CMA-NYW, 2016 WL 10842586, at *4 (D. Colo. Nov. 14, 2016)). Accordingly, I find that the first two factors weigh in favor of permitting discovery to proceed.

Factor Three. As to the third *String Cheese* factor, convenience to the court cuts both in favor of and against a stay. Defendants argue that the "Court's convenience will be served by a stay . . . while it determines which, if any, claims survive the motion [sic] to dismiss." [#68 at 8]. Between the pending Motions to Dismiss, the Individual Defendants move to dismiss all but one of Plaintiffs' individual liability claims on qualified immunity, jurisdictional, and/or Rule 12(b)(6) grounds. *See* [#61, #62, #64, #66]. This court agrees that its convenience is served by "the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve [a] matter in its entirety," [#68 at 8 (quoting *Bassett v. CDOC Employee*, No. 13-cv-03391-MJW, 2014 WL 2974982, at *2 (D. Colo. July 2, 2014))], but these are not the circumstances presently before the court. Even if the Individual Defendants' pending Motions to Dismiss are all granted in their entirety, this action may still proceed against the City of Aurora and/or Defendant Wilson. Given the pending dispositive motions before Judge Moore, and particularly in light of the qualified immunity defense invoked by the Individual Defendants as to

---

sue for violation of another's constitutional rights.") (citing *Trujillo v. Bd. of Cty. Comm'rs*, 768 F.2d 1186 (10th Cir. 1985))].

16

Claims One through Five of Plaintiffs' ten claims, a stay of discovery might conserve judicial resources, but as discussed below, such an outcome is not guaranteed.

Plaintiffs cite to District of Colorado cases holding that a stay is not an efficient use of judicial resources due to its impact on a court's docket management. [#73 at 15 (collecting cases)]. While the Individual Defendants move to dismiss Claims Six through Ten on Rule 12(b)(6) grounds, courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," and this is "particularly true where there is a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on which ultimate success is not guaranteed." *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008). And with more than fifty Parties involved in a case that has already been pending for more than seven months, any further delay in setting pretrial deadlines may actually serve to inconvenience the court and interfere with its ability to effectively manage the case as contemplated by Rule 1 of the Federal Rules of Civil Procedure. *See also Ronquillo*, 2016 WL 10842586, at *4. Thus, this court finds that a stay would negatively impact the efficient management of this court's docket. In light of the competing interests of judicial economy and convenience implicated here, I find that factor three favors proceeding with discovery at this juncture.

Factor Four. As to the fourth *String Cheese* factor, this court finds that the interests of non-parties are neutral. Neither Plaintiffs nor Defendants identify any specific non-parties (as opposed to the public at large) whose interests may be affected by the imposition of a stay in this matter, *see generally* [#68, #72, #73]. And it is premature for this court to attempt to address any potential class members who are not currently named plaintiffs.

Factor Five.  Finally, under the fifth *String Cheese* factor, this court finds that the public interest is best served by allowing discovery to proceed.  To be sure, resolution of the pending Motions to Dismiss will clarify and may streamline the claims and defendants for more precise and productive discovery, thereby conserving judicial resources and furthering the public's interest in judicial economy. *Benton v. Town of S. Fork*, No. 12-cv-00336-CMA-KMT, 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012).  But resolution of Plaintiffs' claims involving any policy, practice, or custom by the City of Aurora—regardless of the prevailing party—is certainly significant for public confidence as it affects more than just the Plaintiffs in this action.  *See Sanchez*, 2020 WL 924607, at *5.  *Cf. Estate of Thakuri v. City of Westminster*, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019) (declining to find that potential delay in procedural reform or discipline caused by staying § 1983 claims contravened the public's interest in light of several countervailing factors). "[T]he implications of these contentions have a far broader potential impact upon the public" and outweigh "the public's general interests in the expeditious resolution of civil matters and the efficient use of judicial resources." *Sanchez*, 2020 WL 924607, at *6.  In addition, fair and efficient adjudication of such issues is important to building public confidence in the civil justice system. Accordingly, I find that factor five weighs against staying discovery.

In sum, this court finds that *String Cheese* factors one, two, three, and five weigh against a stay of discovery, while factor four is neutral on the issue.  On balance, this court thus concludes that a stay of discovery is unwarranted.[10]  Accordingly, I **DENY** the Motion to Stay.

---

[10] Plaintiffs ask this court to adopt a rule that requires the court to conduct a "preliminary peek" into the merits of the pending Motions to Dismiss.  *See* [#73 at 12].  But the pending Motions to Dismiss in this matter have not been referred to the undersigned, and this common procedural posture counsels against the adoption of a rule requiring the court to take a "preliminary peek" when determining issues of scheduling and discovery.  Indeed, requiring courts to take a "preliminary peek" would necessarily require this court to consider substantive issues not properly before it, and potentially introduce even more areas for dispute.  Thus, this court declines to do so.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

(1)     The Defendants' Joint Motion to Stay [#68] is **DENIED**.

DATED: February 25, 2021                                        BY THE COURT:

                                                                                 _____
                                                                                 Nina Y. Wang
                                                                                 United States Magistrate Judge

---

*See Sexton v. City of Colo. Springs*, No. 20-cv-00108-PAB-KMT, 2020 WL 1875146, at *4 (D. Colo. Apr. 15, 2020). In any event, "'no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion[s] or the ultimate merits of this case.'" *Id.* (quoting *Sanchez v. City & Cty. of Denver, Colo.*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 n.3 (D. Colo. Feb. 26, 2020)) (further citations omitted).